UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL GREEN,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>CHARLES DANIELS, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:21-cv-00192-MMD-CLB<br><br>ORDER |

**I.　DISCUSSION**

On September 21, 2021, this Court entered an order granting *pro se* Plaintiff Daniel Green's application to proceed *in forma pauperis*, determining that Green would not be required to *pre-pay* any fees, and informing Green that he would be required to pay the full filing fee regardless of whether his action was successful. (ECF No. 6 at 6-7.) In that order, the Court dismissed Green's complaint with prejudice because he failed to state a colorable claim. (*Id.* at 7.) On October 15, 2021, Green filed a motion for reconsideration of the order granting his application to proceed *in forma pauperis* and requiring him to pay the filing fee. (ECF No. 9.)

Green argues that his application to proceed *in forma pauperis* should not have been granted and he should not be required to pay the filing fee because he did not obtain the money he sought in the Complaint, will not "have [his] day in court," or otherwise obtain justice. (*Id.* at 1-2.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

///

The Court denies Green's motion for reconsideration. He presents no basis in law or fact for him to avoid paying the filing fee for the action he chose to bring in this Court. Although 28 U.S.C. § 1915(a)(1) provides that a court may authorize a person to bring an action without pre-paying the filing fee, 28 U.S.C. § 1915(b)(1) provides that such a person nevertheless will be required to pay the full amount of the filing fee and that the Court shall assess and collect the fee. In fact, Green signed and submitted to the Court a document stating that he understood that, if he commenced a 42 U.S.C. § 1983 action in this Court, he would be required to pay the filing fee and that the NDOC would be authorized to take deductions from his account even if his action was closed. (ECF No. 1 at 4.) Green maintains that he watched a court video that informed him that the *in forma pauperis application* would not be granted or denied until after "the mediation portion of the civil rights complaint was complete." (ECF No. 9 at 3.) In fact, the court video informs potential plaintiffs that, if the Court determines during screening that a plaintiff's complaint fails to state a claim and cannot state a claim, the case will not go forward, and it also notes that screening process takes place prior to any potential mediation. When a plaintiff fails to state a claim and the case cannot proceed, there is no basis for any mediation as the plaintiff has lost the case. The video does not tell plaintiffs that, even if they fail to state a claim in their complaints and the Court determines that the case may not proceed, that plaintiffs may go to mediation anyway without paying the filing fee.

Green also appears to be arguing in his motion that the Court incorrectly dismissed his claims. Green challenges the Court's dismissal of his due process claim in Claim 1. Green acknowledges that it was an inmate, not prison officials, who stole his $22, but he argues that it is a miscarriage of justice not to hold NDOC officials responsible for that crime because it was committed while using a phone system that was authorized by the NDOC and the NDOC officials failed to investigate the criminal theft of his $22 and provide him with justice. (ECF No. 9 at 2, 4.) Green insists that "this is or should be viewed as a colorable due process claim against the NDOC and their employees." (*Id.* at 4.) However, although Green's frustration with the theft and lack of accountability for the thief may be

understandable, he cites no law to support his assertion that his allegations constitute a violation of due process. For the reasons explained in the screening order, the allegations do not state a colorable due process claim. (*See* ECF No. 6 at 4.)

Green maintains that, in Claim 2, he was letting the Court know why he had not exhausted the grievance process. (ECF No. 9 at 4.) However, the Court did not dismiss Claim 2 for failure to exhaust the grievance process. The Court dismissed the claim because it did not allege facts that could state a colorable claim. (ECF No. 6 at 6.)

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 9) is denied.

DATED THIS 28th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE